# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:14-cr-336 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION |
| ERROL KING, | ) | |
| | ) | |
| DEFENDANT. | ) | |

Before the Court is the *pro se* motion of defendant Errol King ("King") to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255. (Doc. No. 71.) Plaintiff United States of America (the "government") has filed a motion to dismiss King's motion to vacate (Doc. No. 74), and King has filed a response to the government's motion to dismiss. (Doc. No. 75.) For the reasons that follow, the government's motion to dismiss is granted, and King's motion to vacate is dismissed.

### I. BACKGROUND

On September 16, 2014, King was charged by indictment with one count of being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1). (Doc. No. 1.) On February 18, 2015, King entered a plea of guilty to the charge in the indictment. (Minutes of Proceedings, 2/18/2015.) During the plea colloquy, King acknowledged that he had multiple prior felony convictions and that the government would have to prove that he knowingly possessed the firearm and ammunition after being convicted of a felony if he were to proceed to

trial. (Doc. No. 48 (Change of Plea Hearing Transcript) at 16–20[1].) Based on King's prior convictions, the Court sentenced King under the Armed Career Criminal Act ("ACCA") to a term of imprisonment of 188 months. (Doc. No. 40 (Judgment).) Following appeal and remand for resentencing without the ACCA enhancement, the Court re-sentenced King. (Doc. No. 65 (Amended Judgment); Minutes of Proceedings, 10/24/2017.) In arriving at a statutory maximum sentence of 120 months, the Court granted the government's motion for an upward variance based upon King's criminal history score of 23, which was nearly double the score required to qualify under the sentencing guideline's highest category of VI. (*See* Doc. No. 69 (*United States v. King*, No. 17-4148 (6th Cir. Aug. 23, 2018)) at 2.)

Following re-sentencing, King filed a timely direct appeal, challenging the reasonableness of his sentence. On August 23, 2018, the United States Court of Appeals for the Sixth Circuit denied King's direct appeal, affirming King's conviction and sentence. (Doc. No. 69.) On July 20, 2021, King filed the present § 2255 motion. Citing the Supreme Court's decision in *Gary v. United States*—which was consolidated with *Greer v. United States*, 141 S. Ct. 2090, 210 L. Ed. 2d 121 (2021)—King argues that his sentence should be vacated because he did not know his status as a previously convicted felon. (Doc. No. 71 at 1.)

The government argues that King's motion is untimely because it was filed more than two years after his sentence was final and because the Supreme Court's decision in *Greer* "did not create a newly recognized right made retroactively applicable to cases on collateral review."

---

[1] All page number references herein are to the consecutive page numbers applied to each individual document by the Court's electronic filing system.

(Doc. No. 74 at 4 (citing 28 U.S.C. § 2255(f)(3)). Accordingly, the government seeks dismissal of King's § 2255 motion.

## II. EVIDENTIARY HEARING

A court should hold an evidentiary hearing on a § 2255 motion "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief[.]" 28 U.S.C. § 2255(b). Thus, "no hearing is required if the petitioner's allegations 'cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'" *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999) (quoting *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995)); *see also Napier v. United States*, No. 93-5412, 1993 WL 406795, at *2 (6th Cir. Oct. 8, 1993) ("To be entitled to a hearing, the prisoner must set forth detailed factual allegations which, if true, would entitle him to relief under § 2255.") (citing, among authorities, *Machibroda v. United States*, 368 U.S. 487, 496, 82 S. Ct. 510, 7 L. Ed. 2d 473 (1962)); *cf. Valentine v. United States*, 488 F.3d 325, 334 (6th Cir. 2007) (finding that the burden is met where the petitioner "offers more than a mere assertion . . . he presents a factual narrative of the events that is neither contradicted by the record nor 'inherently incredible'").

The Court finds that an evidentiary hearing is not warranted in the present case. The undisputed facts in the record demonstrate that King's § 2255 motion—filed more than one year after his sentence became final—is time-barred under the governing statute.

### III. KING'S § 2255 MOTION IS TIME-BARRED

The Anti-Terrorism and Effective Death Penalty Act (ADEPA) "provides a one-year statute of limitations for filing a federal habeas petition." *Cleveland v. Bradshaw*, 693 F.3d 626, 631 (6th Cir. 2012). Specifically, a prisoner must file his § 2255 motion within one year of the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Here, the amended judgment was entered on October 24, 2017 and was affirmed by the Sixth Circuit on August 23, 2018. Because King did not seek a writ of certiorari with the Supreme Court, his judgment became final on November 21, 2018, which was 90 days after the Sixth Circuit entered judgment. *See Clay v. United States*, 537 U.S. 522, 525, 527, 123 S. Ct. 1072, 155 L. Ed. 2d 88 (2003). King was required to file his § 2255 motion by November 21, 2019. Instead, he filed the instant motion on July 20, 2021, approximately 20 months after the limitations period had expired. Accordingly, the motion is not timely under § 2255(f)(1).

King does not identify an impediment created by the government or new facts supporting a claim that were subsequently discovered through the exercise of due diligence to justify the delay in filing the present § 2255 motion. *See* § 2255(f)(2), (4). Instead, King argues that his

4

motion is timely under § 2255(f)(3), based upon his belief that he has presented a "valid argument based on the Supreme Court ruling" in *Greer, supra*. (Doc. No. 71 at 1.) But § 2255(f)(3) requires more than the identification of a recent decision from the Supreme Court. Section 2255(f)(3) demands the identification by the Supreme Court of a new rule of constitutional law made retroactively applicable to cases on collateral review. *See* 18 U.S.C. § 2255(f)(3). The ruling in *Greer* does not satisfy this statutory requirement.

In order to properly understand the ruling in *Greer*, it is necessary to take a step back and briefly discuss the underlying decision in *Rehaif v. United States*, 139 S. Ct. 2191, 204 L. Ed. 2d 594 (2019). In *Rehaif*, the Supreme Court held that "in a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew that he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." 139 S. Ct. at 2200. Two years later in *Greer*, the Supreme Court addressed the standard for review of unpreserved *Rehaif* errors, and clarified that "a *Rehaif* error is not a basis for plain-error relief unless the defendant first makes a sufficient argument or representation on appeal that he would have presented evidence at trial that he did not in fact know he was a felon." *Greer*, 141 S. Ct. 2096. In so ruling, the Court observed that "where the defendant was in fact a felon when he possessed firearms, the defendant faces an uphill climb in trying to satisfy the substantial-rights prong of the plain-error test based on an argument that he did not know he was a felon. The reason is simple: If a person is a felon, he ordinarily knows he is a felon. 'Felony status is simply not the kind of thing that one forgets.'" *Id.* at 2097 (quoting *United States v. Gary*, 963 F.3d 420, 423 (4th Cir. 2020) (Wilkinson, J. concurring in denial of reh'g en banc)).

5

Applying the plain-error analysis to the cases before it, the Supreme Court concluded that neither defendant carried the burden of showing that the *Rehaif* errors in their respective cases affected their substantial rights. The Supreme Court explained:

> Before their respective felon-in-possession offenses, both Greer and Gary had been convicted of multiple felonies. Those prior convictions are substantial evidence that they knew they were felons. Neither defendant has ever disputed the fact of their prior convictions. At trial, Greer stipulated to the fact that he was a felon. And Gary admitted that he was a felon when he pled guilty. Importantly, on appeal, neither Greer nor Gary has argued or made a representation that they would have presented evidence at trial that they did not in fact know they were felons when they possessed firearms. Therefore, Greer cannot show that, but for the *Rehaif* error in the jury instructions, there is a reasonable probability that a jury would have acquitted him. And Gary likewise cannot show that, but for the *Rehaif* error during the plea colloquy, there is a reasonable probability that he would have gone to trial rather than plead guilty.

*Id.* at 2097–98.

The Sixth Circuit has recently held that the "rule stated in *Rehaif* is a matter of statutory interpretation, not a 'new rule of constitutional law.'" *Khamisi-El v. United States*, 800 F. App'x 344, 349 (6th Cir. 2020) (citation omitted). Courts throughout this circuit have likewise recognized that *Rehaif* does not apply retroactively to cases on collateral appeal. *See Swindle v. United States*, No. 1:17-cr-158, 2020 WL 3167012, at *1 (W.D. Mich. June 15, 2020) (collecting cases); *United States v. Saunders*, No. 1:17-cr-511, 2020 WL 3447819, at *2 (N.D. Ohio June 23, 2020) (similar). The same holds true for the decision in *Greer*, which merely clarified the burden faced by defendants on direct appeal when asserting an unpreserved *Rehaif* error. Because the ruling in *Greer* did not create a newly recognized right by the Supreme Court made

6

retroactively applicable to cases on collateral review, the time frame set forth in § 2255(f)(3) does not apply, and King's motion is time-barred.[2]

In any event, King's claim would fail on the merits of *Greer's* plain error analysis because like defendant Gary in *Greer*, King admitted at the change of plea hearing that he was a convicted felon.[3] (Doc. No. 48 at 16–20.) Additionally, as is reflected in the final presentence investigation report ("PSR"), King's ample prior criminal history included multiple sentences of more than a year for various felony offenses, including a conviction for having a weapon while under a disability. (Doc. No. 62 (PSR) ¶¶ 48, 49, 51, 54, 55, 63 at 12–21.) Given King's record, he would have been unable to demonstrate that there is a reasonable probability that he would have gone to trial, and his § 2255 motion would have failed for this additional reason. *See Greer*, 141 S. Ct. at 2098.

---

[2] In response to the government's motion to dismiss, King argues that the Court should excuse the tardiness of his § 2255 motion due "to the disruption of the Coronavirus COVID-19 and Delta Variant to the World, and here in the United States [nationwide]—shutdown to every federal agency, dep[artment] and the B.O.P. around the country." (Doc. No. 75 at 1.) However, as the Court has already determined, the limitations period for filing the present motion to vacate expired on November 1, 2019, long before the Bureau of Prisons instituted its Modified Operations Plan in response to the COVID-19 pandemic in March 2020.

[3] Of course, before the Court could reach the merits, King would also have to overcome his procedural default of the issue, something that for all the reasons discussed herein, he would be unable to do. *Bousley v. United States*, 523 U.S. 614, 622, 118 S. Ct. 1604, 140 L. Ed. 828 (1998) (setting forth standard for overcoming procedural default); *see United States v. Frady*, 456 U.S. 152, 167–68, 102 S. Ct. 1584, 71 L. Ed. 2d 816 (1982) (noting that § 2255 is not a substitute for a direct appeal). King has not argued that he is actually innocent of being a felon-in-possession, nor has he (nor could he) demonstrated cause for the default and actual prejudice. *See Bousely*, 523 U.S. at 622–23.

## IV. CONCLUSION

For the foregoing reasons, the government's motion to dismiss (Doc. No. 74) is GRANTED, and King's motion to vacate, set aside, or correct his sentence (Doc. No. 71) is DISMISSED WITH PREJUDICE. Further, the Court CERTIFIES, pursuant to 28 U.S.C. § 2255(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed. R. App. P. 22(b).

**IT IS SO ORDERED**.

Dated: January 5, 2022

                                            **HONORABLE SARA LIOI**
                                            **UNITED STATES DISTRICT JUDGE**